UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNDON'S LLC,

            Plaintiff,

v.

CITY OF DETROIT, *et al.,*

            Defendants.
_____/

Civil Action No. 22-11942

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DENY THE CITY
DEFENDANTS' MOTION FOR SANCTIONS (ECF No. 20)**

**I.   REPORT**

    **A.   Background**

This case arises out of the foreclosure of a property owned by Plaintiff Lyndon's, LLC ("Lyndon's"). Lyndon's has filed a complaint against the following defendants related to the foreclosure: the County of Wayne, Wayne County Treasurer Eric Sabree, and former Wayne County Treasurer David Szymanski (collectively the "County Defendants"); the City of Detroit and Jill Bryant (collectively the "City Defendants"); Christopher Michels ("Michels"), an attorney for the City of Detroit; and Signature Associates, Inc. (ECF No. 1). This case has been referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b). (ECF No. 17).

On July 13, 2023, this Court entered a Report and Recommendation ("R&R"), recommending that three separate motions to dismiss – filed by the City Defendants, the County Defendants, and Michels – be granted in part. (ECF No. 53). Specifically, the

Court recommended that Lyndon's federal law claims be dismissed with prejudice, as barred by the applicable statutes of limitations, and that the Court decline to exercise supplemental jurisdiction over Lyndon's state law claims. (*Id.*). This case's factual background was discussed in extensive detail in the R&R (*id.*, PageID.734-40) and is incorporated herein by reference.

Now pending before the Court is a Motion for Sanctions pursuant to Rule 11, filed by the City Defendants on November 4, 2022. (ECF No. 20).[1] Lyndon's filed a response to this motion on December 23, 2022 (ECF No. 33), and the City Defendants filed a reply on January 6, 2023 (ECF No. 34). Oral argument was held on March 1, 2023.

    **B.**    **Analysis**

In their Motion for Sanctions, the City Defendants argue that sanctions should be imposed against Lyndon's and its counsel for two reasons. First, the City Defendants seek sanctions under Fed. R. Civ. P. 11(b), arguing that "[s]anctions are proper when a party brings multiple vexatious lawsuits related to the same transactions, particularly when the issues have already been litigated in state court." (ECF No. 20, PageID.187). Second, the City Defendants assert that sanctions are warranted pursuant to E.D. Mich. LR 11.1, which provides for the imposition of sanctions after notice has been provided that the Local Rules are being violated. (*Id.*, PageID.186). Each of these arguments is addressed below.

---

[1] "The prudential practice that has developed throughout this circuit is to treat motions for Rule 11 sanctions as dispositive in both the pretrial and post-judgment context." *Annabel v. Erichsen*, No. 15-10345, 2018 WL 4854098, at *1 (E.D. Mich. June 1, 2018). Accordingly, the Court proceeds by way of a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B).

2

*1.     Fed. R. Civ. P. 11(b)*

Rule 11(b) provides that, when an attorney or unrepresented party presents a pleading to the Court, he is certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery …."

Fed. R. Civ. P. 11(b). Rule 11(c) states that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

Here, the City Defendants appear to argue that sanctions are warranted under Rule 11(b)(1) because they have been subjected to "multiple vexatious lawsuits related to the same transactions …." (ECF No. 20, PageID.187). Specifically, the City Defendants assert that "*Plaintiff and his counsel have brought two lawsuits over the same subject matter.*" (*Id.*) (emphasis added). But this assertion is factually incorrect. The plaintiff in this case is Lyndon's, LLC, a limited liability company whose sole member is James Dockery. The second lawsuit to which the City Defendants refer is captioned *James Dockery v. David Szymanski, et al.*, Eastern District of Michigan Docket No. 22-11507. (*Id.*). The plaintiff

3

in that case was *not* Lyndon's, as it is here; rather, it was James Dockery, an individual, who brought claims stemming from actions allegedly taken against him *personally*.

Moreover, contrary to the City Defendants' assertion that Lyndon's and its counsel "have brought two lawsuits over the same subject matter" (*id.*), Dockery has not been represented in that case by the attorney who represents Lyndon's in the instant case. Thus, although the two cases largely relate to the same alleged set of events, this is not a situation where "a party"[2] brought multiple lawsuits related to the same transaction.

Moreover, for purposes of Fed. R. Civ. P. 11(b)(1), the Court has the discretion to determine whether a party or its counsel pursued the litigation for an "improper purpose." *See Kircher v. Charter Twp. of Ypsilanti*, No. 07-13091, 2007 WL 4557714, at *3 (E.D. Mich. Dec. 21, 2007). In making this determination, the court applies an "objective standard of reasonableness." *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991)). Here, although the Court has recommended dismissing with prejudice Lyndon's federal law claims, as barred by the statute of limitations (ECF No. 53), it does not view the instant case as having been filed for any improper purpose – substantively or procedurally – so as to warrant sanctions under Rule 11(b)(1). *See, e.g., Grossman v. DTE Energy Co.*, No. 10-13712, 2010 WL 5279836, at *4 (E.D. Mich. Dec. 17, 2010) (declining to award Rule 11 sanctions despite the fact that "the plaintiff's legal theories [were] rejected as thinly supported by the facts …") (internal quotations omitted). Again, the plaintiffs in

---

[2] Michigan law treats limited liability companies, such as Lyndon's, as separate from their members (i.e., Dockery). *See Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC*, 317 F. Supp. 2d 752, 754 (E.D. Mich. 2004) ("[The] Michigan legislature fashioned the limited liability company to be a legal entity distinct from its members.").

4

the two cases are legally distinct from one another, and although Lyndon's statute of limitations arguments lack merit, they are not frivolous.

### 2. Local Rule 83.11

The City Defendants also argue that Lyndon's counsel should be sanctioned for violating E.D. Mich. LR 83.11(b)(7)(C), which provides that "[c]ounsel or a party without counsel must bring companion cases to the court's attention by responding to the questions on the civil case cover sheet or in the electronic filing system." (ECF No. 20, PageID.186-87). The City Defendants further assert that "[i]t is apparent that Plaintiff and his [sic – its] counsel have intentionally hidden from the Court's attention that there were companion cases." (*Id.*, PageID.187). Apparently, even after the City Defendants alerted Lyndon's counsel of his failure to disclose the companion cases, Lyndon's counsel "refused to withdraw either of the duplicative lawsuits and did not inform the court of the companion case"; it was only after the City Defendants alerted the Court to the two cases that the instant case was reassigned. (*Id.*, PageID.188).

In its response to the City Defendants' motion for sanctions, Lyndon's makes no mention of its failure to inform the court of the companion case previously filed by Dockery, effectively conceding its counsel's failure to comply with the applicable local rule in this regard. (ECF No. 33). The City Defendants infer nefarious intent from this, asserting in their reply that Lyndon's "intentionally failed to apprise the Court of the companion case in order to deceive the Court, have two different judges oversee the case, and attempt to recover damages twice." (ECF No. 34, PageID.470). While Lyndon's counsel perhaps should have alerted the Court that another case regarding largely the same

5

set of circumstances had previously been filed by its sole member, Dockery, it is not persuaded that there was a willful violation of the Local Rules, as opposed to a genuine belief that such disclosure was not required given the different plaintiffs.

Regardless, the Sixth Circuit has recognized that with respect to a motion for sanctions, district courts have "broad discretion in determining when a sanction is warranted and what sanction is appropriate." *Nieves v. City of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005). Here, even if a violation of the Local Rules occurred, the Court should exercise that discretion in favor of denying the Motion for Sanctions as the Court has recommended dismissing Lyndon's case (ECF No. 53), and the City Defendants have identified no concrete harm suffered as a result of counsel's failure to advise the Court of Dockery's earlier-filed case.

Thus, the Court recommends denying the City Defendants' request for sanctions.

## II.  RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that the City Defendants' Motion for Sanctions **(ECF No. 20)** be **DENIED**.

Dated: July 19, 2023  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D.

Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 19, 2023.

> s/Eddrey O. Butts
> EDDREY O. BUTTS
> Case Manager