UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LYNDON'S LLC, | Case No. 22-11942 |
| | Nancy G. Edmunds |
| Plaintiff, | United States District Judge |
| v. | David R. Grand |
| | United States Magistrate Judge |
| CITY OF DETROIT, COUNTY OF WAYNE, ERIC SABREE, DAVID SZYMANSKI, CHRISTOPHER MICHELS, SIGNATURE ASSOCIATES, INC., and JILL BRYANT, | |
| Defendants. | |
| _____/ | |

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS DATED JULY 13, 2023 AND JULY 19, 2023 [53] [55]**

This case arises out of the foreclosure of a property owned by Plaintiff Lyndon's LLC. Plaintiff pleads fourteen state and federal causes of action against various governmental and other defendants who played a role in the foreclosure of the property or the state court cases that preceded this case. Defendants filed motions to dismiss in lieu of answering Plaintiff's Complaint,[1] and Defendants Jill Bryant and the City of Detroit moved to sanction Plaintiff pursuant to Federal Rule of Civil Procedure 11. Before the Court is the Magistrate Judge's July 13, 2023 Report and Recommendation on Defendants' motions to dismiss and July 19, 2023 Report and Recommendation on the motion for sanctions. (ECF Nos. 53, 55.) The Magistrate Judge recommends that Defendants' motions to dismiss be granted in part, to the extent they seek dismissal with

---

[1] Although Defendant Signature Associates did not file a motion to dismiss in this case, the analysis set forth by the Magistrate Judge applies equally to the claims set forth against that entity.

1

prejudice of Plaintiff's federal law claims, because those claims are barred by the statute of limitations. He further recommends Defendants' motions be denied in part, to the extent they seek dismissal with prejudice of Lyndon's state law claims, but that the Court decline to exercise supplemental jurisdiction over these claims and dismiss them without prejudice. (ECF No. 53, PageID.734.) Plaintiff filed objections to the report and recommendation and Defendants responded. (ECF Nos. 56, 57, 59, 60.)

With regard to the motion for sanctions, the Magistrate Judge recommends this Court exercise its discretion to deny the motion. (ECF No. 55, PageID.757.) Defendants Jill Bryant and City of Detroit objected. (ECF No. 58.)

For the reasons stated below, the Court accepts and adopts both of the Magistrate Judge's reports and recommendations. (ECF Nos. 53, 55.) The Court therefore grants in part and denies in part Defendants' motions to dismiss (ECF Nos. 19, 25, 26) and denies Defendants' motion for sanctions (ECF No. 20).

## I.  Standard of Review

Upon receipt of a report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

## II.  Analysis

The Court overrules both Plaintiff's objection to the to the Report and Recommendation on Defendants' motions to dismiss, and Defendants' objection to the

2

Report and Recommendation on their motion for sanctions. (ECF Nos. 56, 58.) Both Plaintiff's objection and Defendants' objection consist in large part of reassertions of the arguments previously made before the Magistrate Judge. "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted); *see also Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). Nevertheless, the Court reviewed the record and agrees with the Magistrate Judge's analysis despite the objections. As such, and through its discretion as regarding potential sanctions, the Court follows the Magistrate Judge's recommendations. *See Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted) (finding that the Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections.)

### III.  Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 56) and **ACCEPTS AND ADOPTS** the Magistrate Judge's July 13, 2023 Report and Recommendation on Defendants' Motions to Dismiss (ECF No. 53). The Court therefore **GRANTS IN PART AND DENIES IN PART** Defendants' motions to dismiss (ECF Nos. 19, 25, 26). The motions are **GRANTED** in that Plaintiff's federal law claims are **DISMISSED WITH PREJUDICE**. The motions are **DENIED** to the extent they seek dismissal with prejudice of Lyndon's state law claims, but this Court declines to exercise

supplemental jurisdiction over these claims and **HEREBY DISMISSES THE STATE LAW CLAIMS WITHOUT PREJUDICE**.

Furthermore, the Court **OVERRULES** Defendants' objections (ECF No. 58) and **ACCEPTS AND ADOPTS** the Magistrate Judge's July 19, 2023 Report and Recommendation on Defendants' Motion for Sanctions. (ECF No. 55.)

**SO ORDERED.**

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge

Dated: September 18, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager